391 So.2d 908 (1980)
Barbara Braddock MOORE, Plaintiff-Appellee,
v.
Freddie Jim BRADDOCK, Defendant-Appellant.
No. 14340.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1980.
Rehearing Denied January 13, 1981.
*909 Cameron C. Minard, Columbia, for defendant-appellant.
Paul B. Wilkins, Columbia, for plaintiff-appellee.
Before HALL, JASPER E. JONES and FRED W. JONES, Jr., JJ.
En Banc. Rehearing Denied January 13, 1981.
*910 FRED W. JONES, Jr., Judge.
From a judgment in favor of his former wife who filed a rule to make past-due child support payments executory, the defendant appealed, asserting that the trial judge erred in overruling an exception of no cause or right of action, an exception of nonjoinder of an indispensable party, and an exception to the jurisdiction of the district court. Plaintiff answered the appeal, asking for an increase in the attorney fee awarded by the trial court and, in addition, an attorney fee award for services rendered in connection with this appeal.
We amend and affirm.
In order that the primary issues presented by this appeal may be viewed in proper perspective, the following chronology of pertinent events, as established by the record, is presented:
(1) Parties to this action were judicially separated on October 28, 1976, with judgment ordering husband to pay $150 per month for the support of his minor child.
(2) Parties were divorced on May 18, 1978, with judgment continuing previous child support award.
(3) Because of defendant's failure to pay child support, plaintiff began receiving ADC payments from the State in February, 1978.
(4) In March, 1979, State filed petition in Caldwell Parish juvenile court pursuant to La.R.S. 46:236.1, alleging that defendant was indebted to it for child support owed by virtue of an assignment of the rights of his former wife to child support and praying for judgment ordering defendant to pay petitioner $75 per month for support of his minor child. Defendant signed a consent form and judgment was rendered on March 16, 1979 ordering defendant to pay to the State for the use and benefit of his minor child the sum of $75 per month beginning on February 15, 1979 (parties stipulated at trial that these payments had been made). Plaintiff continued receiving only $49 per month from the State.
(5) Plaintiff filed this rule on November 28, 1979 seeking alleged past-due child support payments in the amount of $3,650 and attorney fees under La.R.S. 9:305 (no mention was made of statutory assignment to State, under La.R.S. 46:236.1 E, of $49 per month, nor of the juvenile court proceeding).
(6) Having overruled previously described exceptions, and after hearing on rule on March 19, 1980, trial court found that defendant owed plaintiff $3,200 for past-due child support (allowing credit for $75 per month payments pursuant to juvenile court order) and awarded $300 attorney fee.
La.R.S. 46:236.1(E) provides in pertinent part:
"By accepting aid to families with dependent children assistance for or on behalf of a child or children, the applicant or recipient shall be deemed to have made an assignment to the department of any right, title, and interest to any support obligation or arrearages owed to or for such child or children or caretaker up to the amount of public assistance money paid to or on behalf of such child or children or caretaker, for such term of time as such public assistance moneys are paid ..." (Emphasis added)
Appellant argues that plaintiff no longer had a cause or right of action because of this statutory assignment to the Louisiana Department of Health and Human Resources (the "State"). Further, he contends that since the State unquestionably had the right to sue for arrearages up to the amount it paid in ADC benefits, it was an indispensable party to this rule.
It is well established that accumulated child support is a vested property right until the judgment is altered or amended by a subsequent judgment or is legally terminated. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954); Collette v. Olivier, 309 So.2d 894 (La.App. 3rd Cir. 1975); Mertens v. Mertens, 308 So.2d 506 (La.App. 3rd Cir. 1975). Consequently, at the time of the filing of her rule plaintiff clearly had the right to collect from defendant past-due child support payments exclusive of that arrearage assigned to the State.
*911 Therefore, the trial judge properly overruled the exception of no cause or right of action.
La.C.C.P. Art. 698 provides:
"An incorporeal right which has been assigned, whether unconditionally or conditionally for purposes of collection or security, shall be enforced judicially by:
(1) The assignor and the assignee, when the assignment is partial; or
(2) The assignee, when the entire right is assigned.
Under this article if the public assistance received by plaintiff equaled or exceeded the amount of the child support arrearage, the State would by law have been the assignee of the entire right to sue for the arrearage and an indispensable party to plaintiff's suit. However, in our case the assignment was only a partial one since the total arrearage exceeded the total public assistance received by plaintiff on behalf of her minor child. Consequently, the State was not an indispensable party and that exception was properly overruled by the trial judge. The State was a necessary party. However, by failing to file a dilatory exception to that effect, defendant is deemed to have waived that exception.
Because plaintiff made a partial assignment to the State ($49 per month from February 1978 to date of trial-for a total of 25.5 months), she has no right to collect the assigned sum of $1245.50 from the defendant, since only the State may do this. The total arrearage due under the original child support judgment was $150 per month for 40.5 months for a total of $6075.00. Defendant was due a credit of $1825 for payments he made to plaintiff. Deducting from the original total arrearage the amount paid by defendant to plaintiff and the amount assigned to the State, the arrearage which plaintiff is entitled to collect from defendant is $3005.50.
Although the State was not made a party to these proceedings, we are required to construe the legal effect of the juvenile proceeding in which defendant was ordered to pay $75 per month for the support of his minor child, beginning February 15, 1979, since the trial court gave defendant credit for these payments on the arrearage owed plaintiff.
La.R.S. 46:236.1(F) provides:
"The department, except when it is not in the best interest of the child, may, without the necessity of written assignment, subrogation, tutorship proceedings, separation proceedings, or divorce proceedings, take direct civil action, including actions to establish paternity, in any court of competent civil jurisdiction to obtain child support from the person primarily legally responsible for the support of a minor child who is receiving aid to families with dependent children when that person has failed to support such child. The amount of such child support shall be set only by order of a court of competent jurisdiction or by the consent of the parties. A separate and distinct cause of action in favor of the department is hereby created, and suits brought under this provision need not be ancillary to or dependent upon any other legal proceeding."
Construing the statute under which the State proceeded, the court in Collins v. Collins, 359 So.2d 744 (La.App. 4th Cir. 1978) commented:
"In its program of family and child support, Louisiana has authorized the Health and Human Resources Administration to develop and implement the obtaining of child support from parents, R.S. 46:236.1 et seq. One purpose of the statute is to place the ultimate burden of child support where it belongs, that is, on the parent and not on the taxpayers. While the State properly furnishes immediate relief for needy children, the scheme of the statute allows the State to pursue collection of child support from the person primarily legally responsible for that support. The State is granted a separate cause of action for enforcement of support, or it may proceed by assignment of rights of the custodial parent. In this case the State alleges assignment from the mother. Accordingly, the State stands exactly in the same position as the *912 mother and has no greater rights than she has. The award of child support against the father must be based upon a balancing of the children's needs and the father's ability to pay. L.C.C. Art. 231."
In its petition filed in the juvenile court the State alleged that the defendant was indebted to it for child support payments by virtue of an assignment of plaintiff's rights to that support. The judgment ordered defendant to pay to the State $75 per month for the continuing support of the child.
Since the State was proceeding under its assignment from plaintiff, it stood in her shoes to enforce defendant's civil obligation to support his child. However, that obligation had already been fixed in a civil proceeding and plaintiff had acquired a vested property right in the child support judgment rendered in those proceedings. Obviously, she cannot be divested of that right by the unilateral action of the State exercising its separate and distinct cause of action under La.R.S. 46:236.1(F). In other words, the consent judgment obtained by the State in the juvenile proceeding could not supersede the judgment obtained by plaintiff in the civil proceeding. It follows that we must construe the juvenile action as simply an effort by the State to exercise its right under the assignment to collect from defendant his child support arrearage up to the amount of ADC payments.[1] Consequently, defendant is not entitled to a credit for payments made under this order on the arrearage owed plaintiff-after appropriate deductions are made as previously explained. Any complaint that defendant has with reference to the efficacy of the juvenile proceeding must be relegated to an appropriate adversary proceeding with the State.
Appellant also argues that the district court lost jurisdiction over plaintiff's action to collect past-due child support because the Caldwell Parish juvenile court assumed exclusive jurisdiction when the State filed its petition in that court in March, 1979.
Since under our law plaintiff had a vested right in that portion of the child support arrearage that had not been assigned to the State, it logically follows that the State's filing of a petition pursuant to the cited statutory provision in the juvenile court could not deprive plaintiff of her right to proceed in civil district court. Collette v. Olivier, supra, held that there was no concurrent jurisdiction as between a criminal court considering a non-support charge against a father and a civil district court granting a divorce decree which included a child support award. Likewise, in our case jurisdiction in the civil district court which awarded child support is separate and distinct from the jurisdiction of the juvenile court in which the State acted under its assignment to enforce the child's right to support from its father. In fact, Section F specifically provides that "a separate and distinct cause of action in favor of the department is hereby created." Therefore, the exception to the jurisdiction of the district court was properly overruled.
We conclude that the appellee is entitled to an additional attorney fee of $300 for services rendered in connection with this appeal.
For the reasons set forth, the judgment appealed from is amended to reduce the amount of past-due child support owed by defendant-appellant to plaintiff-appellee to $3,005.50, with legal interest on each past-due installment from due date until paid, and to increase the attorney fee award to $600.00.
As amended, the judgment of the trial court is affirmed at appellant's cost.
NOTES
[1] This is buttressed by the fact that, rather than paying plaintiff the $75 per month received by the State from defendant, the State continued paying her only $49 per month.