JjDOUCET, Judge.
This appeal concerns the proper parties to a rule for a change in child support where there exists an assignment of support rights under La.R.S. 46:236.1.
The trial judge correctly outlined the factual background of the case as follows:
Tammy Ingle and Stephen Ingle were married on March 21, 1987. Prior to their marriage the parties had a child, Coty D. Proffer, who was born on October 24,1986. On June 29, 1992, Tammy Ingle filed an action for divorce pursuant to LSA-C.C. Article 102 claiming the parties separated on May 15, 1992. She initially requested child support pending divorce but no order was ever issued pursuant to that request.
^Sometime prior to December 10, 1992, Tammy Ingle contacted the State of Louisiana concerning welfare and medical benefits for the support of Coty. As a result of her contact Steven Ingle, on December 10, 1992, entered into a stipulation pursuant to LSA-R.S. 46:236.7 wherein he agreed to pay the Department of Social Services $200 per month as child support. Additionally, he agreed to maintain group health insurance, if it became available through his employment. This stipulation was reduced to a written order on December 15, 1992, and is filed in Docket Number J-2124 of the records of this parish as STATE OF LOUISIANA EX REL: COTY D. PROFFER.
On December 21, 1992 Tammy Ingle filed a SUPPLEMENTAL AND AMENDING PETITION FOR DIVORCE converting her petition to an action under LSA-C.C. Article 103. On January 21, 1993, judgment by default was rendered in favor of Tammy Ingle granting a divorce and awarding her child support in the amount of $440.00 per month. The award of child support was based upon her worksheet filed pursuant to LSA-R.S. 9:315.15 which reflected her income to be $737.00 per month and her husband’s to be $3,000.00 per month.
On April 2, 1993, Tammy Ingle filed a document entitled VERIFIED NOTICE OF DELINQUENCY wherein she contended that as of March 31, 1993, Steven Ingle was delinquent in the amount of $820.00 in child support. A PETITION TO STAY INCOME ASSIGNMENT was filed by Stephen Ingle on June 3, 1993.
On June 28, 1993, Stephen Ingle filed a “Petition/Motion” whereby he challenged the subject matter jurisdiction of the court and the failure to join the State of Louisiana, Department of Social Services, Support Enforcement Services (the State), an allegedly indispensable party.
After a hearing, the trial judge rendered judgment denying Tammy’s rule for an income assignment order, and reducing Stephen’s child support obligation to $68.00 per month.
IsTammy appeals citing as error the reduction in the support obligation and the refusal to issue an income assignment order. Stephen answered the appeal arguing that the trial court erred in failing to grant his exceptions of lack of subject matter jurisdiction and failure to join an indispensable party, and in failing to cast Tammy with court costs.

COMPULSORY JOINDER

Stephen argues that the State was an indispensable party to any action for support because, by accepting welfare benefits, Tammy had assigned her support rights to the State under La.R.S. 46:236.1. La.R.S. 46:236.1 states in pertinent part that:
E. (1) By accepting AFDC for or on behalf of himself or another individual, the applicant or recipient shall be deemed, without the necessity of signing any document, to have made an assignment to the department of his entire right, title, and
*692 interest to any support obligation such applicant or recipient may have in his own behalf or on behalf of any family member for whom the applicant is applying for or receiving AFDC which has accrued at the time of the certification for AFDC and which accrues during the time AFDC is furnished. The assigned support rights shall constitute an obligation owed to the department by the person responsible for providing such support, and said obligation shall be established by an order of a court of competent jurisdiction, and the department may thereafter collect by appropriate process any outstanding debt thus created. Voluntary child support payments made to the applicant or recipient at the time of certification for AFDC or during the time AFDC is furnished shall be deemed to have been assigned to the department, unless such assignment is contrary to a valid court order. The department may thereafter collect such support payments by appropriate process.
(2) The applicant or recipient shall also be deemed, without the necessity of signing any document, to have consented to the designation of the department as payee in an initial or amended order of support and to have appointed the SES program administrator as his or her true and lawful attorney-in-fact to act in his or her name, place, and stead to perform the specific act of endorsing any and all drafts, checks, money orders, or other negotiable instruments representing support payments which are received on behalf of such individual or his caretaker. The department shall be an indispensable party to any proceeding involving a support obligation or arrearages owed under this Section. The provisions of this Section shall apply retrospectively to all support rights assigned, whether by written assignment or by operation of law, prior and subsequent to October 1, 1981.
(Emphasis added)
The trial judge found that this provision does not preclude the recipient of benefits thereunder from pursuing a separate cause of action for child support in a civil court. Both the trial court and Tammy cite Moore v. Braddock, 391 So.2d 908 (La.App. 2 Cir. 1980). In that case, the Second Circuit held that although the wife was receiving welfare benefits, the State was a necessary party, rather than an indispensable party, to her action to collect past due child support. The court in Moore v. Braddock, further found that the jurisdiction of the civil udistrict court which awarded child support is separate and distinct from that of the juvenile court in which the State acts under its Title 46 assignment.
However, the case before the court in Moore v. Braddock, is distinguishable from that before us in this case. At the time the opinion in Moore v. Braddock was rendered La.R.S. 46:236.1(E) provided that:
“By accepting aid to families with dependent children assistance for or on behalf of a child or children, the applicant or recipient shall be deemed to have made an assignment to the department of any right, title, and interest to any support obligation or arrearages owed to or for such child or children or caretaker up to the amount of public assistance money paid to or on behalf of such child or children or caretaker, for such term of time as such public assistance moneys are paid ...” (Emphasis added)
The statute no longer limits the assignment to the amount of public assistance owed. Additionally, in Moore, the plaintiff obtained an order of support prior to applying for public assistance. Because of the defendant’s failure to pay support under that order, the plaintiff was forced to apply for welfare benefits. Therefore, her right to past due support had already vested at the time she made the assignment to the State. As a result the assignment was only a partial one, making the State only a necessary party. Further, Moore v. Braddock concerned only the right to collect past-due child support rather than future support.
Moore v. Braddock does not apply to the situation currently before us. Tammy assigned her rights to the State before obtaining any support order. Therefore, no rights had vested at the time of the assignment. *693 Further, under the statute, she assigned her entire right.
La.C.C.P. art. 698 states that:
An incorporeal right which has been assigned, whether unconditionally or conditionally for purposes of collection or security, shall be enforced judicially by:
(1) The assignor and the assignee, when the assignment is partial; or
(2) The assignee, when the entire right is assigned.
isTammy assigned the entirety of her rights before they vested. Therefore, the assignee, the State, would be the proper party to enforce the right. Further, the State, as assignee of the support rights and payor of the welfare benefits, has an interest in the subject matter which is so interrelated, and which would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless it is joined in the action. Therefore, the State is an indispensable party to any action to increase, decrease, or collect child support payments. La.C.C.P. art. 641. Further, La.R.S. 46:236.1(E)(2) and (J)(4) state that: “The department shall be an indispensable party to any proceeding involving a support obligation or arrearages owed under this section.”
Accordingly, the judgment of the trial court is reversed for failure to join the State, an indispensable party without whom an adjudication of this matter cannot be made. However, we find no authority for Stephen’s argument that the Juvenile Courts have exclusive jurisdiction of such matters. Therefore, this matter will be remanded to allow joinder of the State. Costs of this appeal are to be divided between the parties.
REVERSED AND REMANDED.