DECUIR, Judge.
This is an appeal from a judgment denying Farron Davis a reduction in child support payments and awarding past due child support and attorney fees to Teresa Davis.
FACTS
Farron and Teresa Davis were divorced on September 21,1992. Before the divorce was final, child support was set on November 21, 1991 at $354.00 per month for their two children.
Farron was involved in a work-related accident in July of 1991 and has been disabled since that date. During the period from his accident until July of 1994, he received neither income nor compensation benefits. As a result, Farron paid no child support. In July 1994, Farron began receiving compensation payments in the amount of $1,132.00. In addition, he received approximately $30,-000.00 in back payments. Farron testified that $12,000.00 of that amount went to his attorney, $8,000.00 to his ^parents for past due rent, and the remainder for a Toyota pickup truck and furniture for his apartment.
Due to Farron’s failure to pay child support, Teresa sought support through the AFDC program. She received benefits from July of 1991 through October of 1991 and from January 1992 through either July or December of 1992. The State as assignee of Teresa’s rights to child support obtained a judgment for $100.00 per month per child in July of 1991, and that award was modified on January 31, 1992 to match the November 1991 court ordered amount of $354.00. On May 11, 1992, the State filed suit for arrear-ages. The State collected $1,038.00 in ar-rearages and at the same time had Farron’s support obligation suspended retroactive to March 1992 due to his disability. There is no evidence in the record that this suspension was ever reversed.
On August 17, 1994, Teresa filed a rule for child support arrearages. On September 12, 1994, Farron filed a rule to reduce child support due to work-related injury and consequential reduction in salary. Judge Leonard Führer held a hearing on both rules *549 despite Farron’s contention that the State was an indispensable party. Some seven months after the hearing, Judge Alan Krake rendered judgment denying Farron a reduction in child support and awarding Teresa $11,682.00 in arrearages, less a credit for $1,038.00 for Farron’s repayment to the State for AFDC payments. Farron filed a motion for new trial which was denied. Teresa filed for additional arrearages and attorney fees. The trial court awarded $7,684.58 in arrearages and $1,500.00 in attorney fees. Farron appeals both judgments.
DISCUSSION
By his first assignment, Farron argues the trial court erred in failing to grant his exception of Nonjoinder of an Indispensable Party. We agree.
IgLa.R.S. 46:236.1(E)(1) provides that “[b]y accepting AFDC for or on behalf of himself or another individual, the applicant or recipient shall be deemed, without the necessity of signing any document, to have made an assignment to the department of his entire right, title and interest to any support obligation ... which has accrued at the time of the certification for AFDC and which accrues during the time AFDC is furnished.” In addition, La.R.S. 46:236.1(E)(2) provides that, “[t]he department shall be an indispensable party to any proceeding involving a support obligation or arrearages owed under this Section.”
Teresa relies on Moore v. Braddock, 391 So.2d 908 (La.App. 2 Cir.1980), in arguing that the State is merely a necessary party. However, as we noted in Ingle v. Ingle, 93-1575 (La.App. 3 Cir. 6/1/94); 638 So.2d 690, writ denied, 94-2230 (La.11/18/94); 646 So.2d 382, Moore dealt with the statute prior to its amendment, and the current statute grants a full assignment and makes the State an indispensable party. It is unclear from the record before us exactly what portion of the arrearages due are owed to the State. However, it is clear that the State, as the assign-ee of Teresa, is entitled to some portion of the arrearages due. As such, and by statute, the State is an indispensable party without whom an adjudication of this matter cannot be made. Id..
Our resolution of this issue renders Far-ron’s additional assignments moot. However, we note that Farron correctly asserts that the record contains no financial statement from Teresa despite a request in open court. In addition, the trial court failed to address Teresa’s current employment or underemployment. While we commend the trial court’s concern for judicial economy, the parties are entitled to a full and fair hearing of their respective cases.
pFor the foregoing reasons, the judgment of the trial court is reversed for failure to join the State, an indispensable party. The case is remanded to the district court for joinder of the State and a full hearing. All costs of this appeal are taxed to the parties equally.
REVERSED AND REMANDED.