J^GREMILLION, Judge.
This is an appeal from the trial court’s judgment fixing child support payments owed by the defendant-appellee, Wilfred Jack. For the following reasons, we affirm in part, reverse in part, and render.
On March 12, 1990, Gloria and Wilfred Jack divorced. In that judgment of divorce, Wilfred was ordered to pay $500.00 per month for the support of their five children.
On June 6, 1996, Gloria filed a petition to make the March 12, 1990 judgments of divorce executory, and sought a wage garnishment, increase in child support, and attorney’s fees. Gloria originally contended that the arrearage totaled $37,000.00, but that figure was reduced after adjusting for the periods in which she received AFDC benefits. This matter was heard on February 10, 1997 before a hearing officer. The hearing officer increased Wilfred’s child support obligation to $803.0013per month, and gave him a credit of $133.00 for the health insurance premiums he paid.
Wilfred appealed the hearing officer’s recommendations, and this matter was taken up by the trial court on July 15, 1997. The trial court found Wilfred’s income to be $2,722.00 per month and Gloria’s to be $1,679.00 per month. The trial court denied Gloria’s demand for back due child support, granted an increase in Wilfred’s child support obligation to $623.00 per month (for four children) for the period of June 1996 to September 1996. This figure included credits of $123.00 for insurance premiums and $100.00 for garnishment by the State of Louisiana through Child Support Enforcement for reimbursement for benefits paid to Gloria for AFDC benefits. The judgment further ordered that the child support obligation be reduced upon the eighteenth birthday of one of the children. After this date, the child support obligation was to be $559.00, which includes credits of $99.00 for insurance premiums and $100.00 for the garnishment. The judgment further provided that all back due child support will accrue judicial interest retroactive to April 1, 1996. Gloria was also awarded attorney’s fees in the amount of $2,500.00. From this judgment, Gloria appeals and asserts the following assignments of error:
1. The trial court erred in ruling that she assigned her rights to collect back due child support to the State of Louisiana for periods when she was not receiving AFDC benefits.
2. The trial court abused its discretion by reducing Wilfred Jack’s child support obligation to reflect a credit for the amount that is currently being garnished from his wages by the State to recover past due support owed to the State for AFDC benefits she received.
3. The trial court abused its discretion by allowing a credit of one hundred and twenty-three dollars per month for payment of health insurance premiums when the evidence does not warrant the deduction.
|s4. The trial court abused its discretion in deviating from the child support guidelines in setting Wilfred’s child support obligation.
5. The trial court abused its discretion in modifying an in globo award when ap-pellee had not demanded a modification.
ASSIGNMENT OF ERROR NUMBER ONE
In her first assignment of error, Gloria claims that the trial court erred when it found that she had assigned her rights to any arrearage which had accrued at the time she applied for AFDC benefits. To support this contention, she relies on the case of Moore v. Braddock, 391 So.2d 908 (La.App. 2 Cir.1980), a case in which the trial court held that the wife “clearly had the right to collect from defendant past-due child support payments exclusive of that arrearage assigned to the State.” However, we note that at the time Moore was decided, La R.S. 46:236.1(E) read:
By accepting aid to families with dependent children assistance for or on *843 behalf of a child or children, the applicant or recipient shall be deemed to have made an assignment to the department of any right, title, and interest to any support obligation or arrearages owed to or for such child or children or caretaker %vp to the amount of public assistance money paid to or on behalf of such child or children or caretaker, for such term, of time as such public assistance moneys are paid ....
(Emphasis added.) Clearly, the law at that time provided for an assignment only for those amounts expended by the State for public assistance. However, La.R.S. 46:236.1(E)(1), now provides in pertinent part:
By accepting FITAP for or on behalf of himself or another individual, the applicant or recipient shall be deemed, without the necessity of signing any document, to have made an assignment to the department of his entire right, title, and interest to any support obligation such applicant or recipient may have in his own behalf or on behalf of any family member for whom the applicant is applying for or receiving FITAP which has accrued at the time of the certification for FITAP and which accrues during the time AFDC is furnished.
(Emphasis added.) Under the current law, when a party makes an application for | ¿benefits, they not only assign the rights for the amounts they are receiving, but also those amounts which had accrued at the time of the application. Therefore, we find that the trial court did not err in ruling that Gloria was not entitled to recover past due amounts prior to April 6, 1996, the date she quit receiving AFDC benefits.
ASSIGNMENT OF ERROR NUMBER TWO
In her second assignment of error, Gloria contends that the trial court erred by reducing Wilfred’s child support obligation to reflect a credit for the amount currently being garnished from his wages by the State to recover past due support. We agree. The amounts Wilfred is paying to the State represents a debt he owes the State by virtue of it paying his child support obligation when he would not. This payment represents a past debt. The amount garnished from his paycheck is to repay the state for the benefits it afforded Gloria during the time she received AFDC benefits. The support he is required to pay now is for an ongoing obligation to support his children. Therefore, the trial court abused its discretion by allowing a credit on a present debt for money he is paying for failing to pay past support obligations.
ASSIGNMENT OF ERROR NUMBER THREE
By this assignment, Gloria contends that the trial court erred by crediting Wilfred with insurance premiums amounting to $123.00. Under La.R.S. 9:315.4, the cost of the children’s health insurance premiums are to be added to the basic obligation. She alleges that there is no evidence in the record supporting such an amount. We agree. The best evidence contained in the record concerning any insurance premiums is Wilfred’s pay stubs. These stubs represent the pay periods of June 27 to July 3 and July 4 to July 11 of 1997. They show that Wilfred was paying |s$15.00 for family dental coverage and $75.00 for family medical coverage, for a total of $90.00 Therefore, we find that the trial court erred by allowing a credit of $123.00 instead of $90.00 per month.
ASSIGNMENT OF ERROR NUMBER FOUR
By this assignment of error, Gloria claims that the trial court abused its discretion by failing to calculate Wilfred’s child support obligation based on his verified gross income. Gloria claims that Wilfred’s most recent pay stubs reflect a monthly income of $4,209.00 instead of the $2,722.00 as found by the trial court. Although the record contains little evidence of how this figure was derived, apparently, and as suggested by both parties’ briefs, the trial court took his year-to-date earn *844 ings, which ran through the end of June 1997, doubled it, and divided it by twelve months. The trial court’s determination of Wilfred’s income is a factual finding, and while we may not agree with the method of calculating his monthly income, we cannot reverse it absent manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989). The trial court’s finding is supported by the record; therefore, we find that no manifest error was committed and we dismiss this assignment of error as being without merit.
ASSIGNMENT OF ERROR NUMBER FIVE
In this assignment of error, Gloria alleges that the trial court erred by structuring the child support award to reflect changes in the amount Wilfred pays coincidental to each child’s attainment of the age of majority when the previous award was an in globo award. Specifically, Gloria seems to be arguing that the trial court erred by not fashioning the child support award in globo because Wilfred did not ask for a structured award at the time of the hearing. However, La. R.S. 9:315.22 | ficontemplates two types of child support awards, specific amount per child and in globo awards, and states no preference for either. As such, the decision to make an award in globo or in specific amounts is clearly within the sound discretion of the trial court, and can only be reversed in the presence of a clear abuse of that discretion. Finding no such abuse, we also dismiss this assignment of error.
THE CALCULATION
The trial court set Wilfred’s monthly income at $2,772.00 and Gloria’s at $1,679.00 for a combined adjusted monthly gross income of $4,401.00 which yields a basic monthly child support obligation of $1,379.00 for four children. The children’s health insurance premium cost is $90.00 per month which yields a total child support obligation of $1,469.00. Wilfred’s child support obligation would be $910.00; however, he is given credit for the children’s health insurance premium of $90.00 giving him a monthly child support of $820.00 for the four children from June 1996 through September 1996. Using the same method of calculation, Wilfred’s monthly child support for three children will decrease to $724.00 thereafter.[1]
CONCLUSION
For the reasons above, the judgment of the trial court is affirmed in part, reversed in part and rendered. Wilfred’s monthly child support obligation is set at $820.00 for four children from June 1996 through September 1996, and $724.00 for three children thereafter. The costs of this appeal are charged to the defendant-appel-lee, Wilfred Jack.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

. Wilfred and Gloria’s combined adjusted monthly gross income equals $4,401.00. The basic monthly child support obligation for that figure is $1,223.00. Adding the children's health insurance premium cost of $90.00 yields a total child support obligation of $1,313.00. Sixty-two percent of that figure is $814.00; that amount less the children's health insurance premium of $90.00 paid by Wilfred is $724.00.