# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1269


**STATE OF LOUISIANA**

**VERSUS**

**JUSTIN D. WHITE**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 14,158
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**BILLY HOWARD EZELL**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.


**AUGUST 27, 2014 JUDGMENT REVERSED; DECEMBER 9, 2013 AND APRIL 30, 2014 JUDGMENTS ANNULLED AND SET ASIDE; REMANDED AND ORDERED THAT RECORD BE TRANSFERRED TO OUACHITA PARISH FORTHWITH.**

**Carol Denise Powell Lexing**
**2485 Tower Drive, Suite 6**
**Monroe, LA 71201**
**(318) 329-2580**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Justin D. White**

**Ruby Norris Freeman**
**Assistant District Attorney**
**921 Ninth Street**
**Alexandria, LA 71301**
**(318) 442-9200**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Edward Larvadain, III**
**626 Eighth Street**
**Alexandria, LA 71301-7696**
**(318) 445-6717**
**COUNSEL FOR APPELLEE:**
    **Tiffany S. Williams**

**EZELL, Judge.**

Justin White appeals a judgment of the trial court which refused to annul and set aside previous judgments rendered against him when he never received service of process of the original petition. Mr. White also claims that the matter should be transferred to Ouachita Parish.

## FACTS

Ambrielle White was born on February 26, 2010. On September 15, 2011, the State of Louisiana, Department of Social Services (DSS) filed a petition against Mr. White to establish child and medical support. The hearing on the matter was continued several times due to the fact that service of process of the petition could not be made on Mr. White.

On December 3, 2013, a hearing was held at which the mother of the child, Tiffany Williams, showed the trial court alleged pictures of Mr. White holding the petition. The hearing officer ordered child support in the amount of $285.41 per month with an administrative fee of 5% for a total of $299.68 per month. The hearing officer specifically stated, "Judgment rendered pending verification of service document from Ouachita Parish. [Defendant] sent the mother photos of petition that he was served with." The judgment was inadvertently signed by the trial court on December 9, 2013, as proof of service was never validated.

Subsequently, Mr. White filed a motion to annul and set aside the December 2013 judgment for failure to serve him with the petition. Mr. White's motion also requested that the proceedings be stayed and the matter remanded to Ouachita Parish where he filed a petition to establish filiation and custody, which had already been ruled on by the trial court in Ouachita Parish. In the Ouachita Parish

case, judgment was rendered on November 22, 2011, and signed on January 3, 2013, suspending child custody and support until paternity was resolved.

In the present case, a hearing on the motion for annulment of the December 2013 judgment was held on April 30, 2014. Mr. White was present at this hearing. Instead of addressing the annulment of the judgment issue, the trial court ruled that Mr. White was the legal father of the child because his name was listed as the father on the child's birth certificate. The trial court then determined that Mr. White was legally obligated for child support. Counsel for Mr. White objected, pointing out to the court that the hearing was not about child support but to annul and set aside a judgment for lack of service of process. The trial court then simply stated that Mr. White had service and is represented by counsel. A judgment was signed ordering Mr. White to pay child support in the amount of $285.41 plus 5% fees.

Mr. White then filed a motion for new trial arguing that he presented sufficient evidence to establish that he was never served with a copy of the pleadings. He argued that he never signed the birth certificate nor did he consent to it because he was on active duty stationed at Camp Shelby, Mississippi, mobilizing for deployment to Iraq. He complained that without warning, service, and notice, he was ordered to pay child support. Mr. White further argued that he presented sufficient evidence of a judgment suspending support in Ouachita Parish pending a paternity test so that Ouachita Parish is where this matter should be decided.

A hearing on the motion for new trial was heard on August 24, 2014. At this hearing, the DSS argued that Mr. White had signed an acknowledgment that he is

the father of the child on March 2, 2010, that was witnessed by two witnesses.[1] Based on this affidavit, the trial court then affirmed its previous ruling and signed a judgment denying the motion for new trial on August 27, 2014. Mr. White then filed the present appeal.

## SERVICE OF PROCESS

Mr. White argues that the trial court erred in rendering a judgment of child support against him when he was never served with the petition. The DSS argues that Mr. White was physically present at the April 30, 2014 hearing, so the award of child support was proper.

Jurisdiction, the legal power and authority of a court to render judgment against a party, requires service of process on the party. La.Code Civ.P. art. 6. "Without service of process, the trial court may not exercise personal jurisdiction over a defendant." *Ardoin v. Daily*, 10-13, p. 3 (La.App. 3 Cir. 5/5/10), 38 So.3d 494, 496.

> Proper citation is the foundation of all actions. A fundamental principle of law is that no valid judgment can be rendered in any case where the defendant has not been informed of the suit against him by citation in strict compliance with the law. Actual knowledge of the existence of an action cannot supply the want of citation.

*Kimball v. Kimball*, 93-1364, p. 3 (La.App. 3 Cir. 5/20/94), 637 So.2d 779, 781. Pursuant to La.Code Civ.P. art. 2002, a final judgment rendered against a defendant who has not been served with process and has not entered a general appearance is an absolute nullity which may be raised at any time.

No one disputes that Mr. White was never served with the petition to establish child and medical support. At the hearing on the motion to annul the

---

[1] This order was never introduced into the proceedings in the trial court, and therefore, is not part of the record before us.

judgment, Mr. White introduced two sheriff's returns indicating that service had not been made on him. Even the hearing officer recognized that, while the mother may have a picture of Mr. White with the petition, proof of service of process was still necessary. Therefore, the judgment signed on December 9, 2013, was null for lack of service of process.

The trial court further compounded the problem at the hearing to annul the December 2013 judgment. Instead of holding a hearing about the nullity of the judgment for lack of service of process, the trial court held a hearing on child support and rendered a second judgment on April 30, 2014, ordering Mr. White to pay child support. At this time, Mr. White still had not been served with the petition for child support. The April 30, 2014 judgment is also null for lack of service of process.

### OUACHITA PARISH JURISDICTION

Mr. White argues that an initial child support judgment in this case was signed on January 3, 2012, in Ouachita Parish and remained in effect at the time of the December 9, 2013 judgment in Rapides Parish. He argues the Ouachita judgment was binding upon the parties and entitled to full faith and credit. The Ouachita Parish judgment was introduced into the record and clearly suspended child custody and support pending the results of a paternity test.

Pursuant to La.Code Civ.P. art. 74.2, a proceeding for custody and/or support may be brought in the parish where a party is domiciled or the parish of the last matrimonial domicile. In this case, the parties were never married. At the start of the proceedings, Mr. White lived in Ouachita Parish, and Ms. Williams lived in Rapides Parish, so venue in either parish was proper. However, Ouachita Parish had rendered judgment with orders for paternity testing prior to ruling on custody

4

and support issues. In his petition to annul the Rapides Parish judgment, Mr. White did request that the matter be transferred to Ouachita Parish, where judgment had been rendered and the matter was pending.

Our legislature recognizes that in cases involving custody and support issues, that, while more than one parish may have proper venue, one parish may be a more appropriate forum at that time to handle the case. Louisiana Code of Civil Procedure Article 74.2(E) provides that, "For the convenience of the parties and the witnesses and in the interest of justice, a court, upon contradictory motion or upon its own motion after notice and hearing, may transfer the custody or support proceeding to another court where the proceeding might have been brought."

In *Labostrie v. Labostrie*, 605 So.2d 187 (La.1992), the supreme court transferred an action to modify child support and visitation from Jefferson Parish to Orleans Parish because Orleans Parish had just ruled on the action three months prior to the time the action was filed in Jefferson Parish. In *Edwards v. Edwards*, 99-994 (La.App. 3 Cir. 12/22/99), 755 So.2d 331, this court found a trial court abused its discretion in refusing to give full faith and credit to another court's pending order and failing to transfer the case to another parish which was a more convenient forum to handle the case.

Since this matter is still pending in Ouachita Parish, we find that Rapides Parish erred in failing to give full faith and credit to that pending action where venue was also proper. Therefore, we find that Rapides Parish erred in failing to transfer the matter to Ouachita Parish.

The DSS also points out that it is an indispensable party to the proceedings and has not been joined as a party in the Ouachita action. Pursuant to La.R.S. 46:236.1, Ms. Williams assigned her rights to collect child support to the DSS.

Louisiana Revised Statutes 46:46:236.1.9(C) provides that the DSS is an indispensable party to any proceeding to collect support or arrearages. Therefore, the DSS is an indispensable party pursuant to La.Code Civ.P. art. 641, without whom an adjudication of this matter cannot be made. *Davis v. Davis*, 96-1086 (La.App. 3 Cir. 2/5/97), 689 So.2d 548; *Ingle v. Ingle*, 93-1575 (La.App. 3 Cir. 6/1/94), 638 So.2d 690, *writ denied*, 94-2230 (La. 11/18/94), 646 So.2d 382.

For the reasons expressed in this opinion, the trial court erred in refusing to grant Mr. White's motion for new trial and we reverse that judgment. Accordingly, the judgments of the trial court rendered on December 9, 2013, and April 30, 2014, are annulled and set aside. This case is remanded to the district court, and we further order that the Rapides Parish District Court transfer this case to Ouachita Parish. Upon transfer to Ouachita Parish, we order that Mr. White join the DSS as an indispensable party to this action. Costs of this appeal are to be divided between the DSS and Justin White.

**AUGUST 27, 2014 JUDGMENT REVERSED; DECEMBER 9, 2013 AND APRIL 30, 2014 JUDGMENTS ANNULLED AND SET ASIDE; REMANDED AND ORDERED THAT RECORD BE TRANSFERRED TO OUACHITA PARISH FORTHWITH.**